F. OLIVER & CO., LTD., PLAINTIFFS AND APPELLEES, v. DIEZ & PÉREZ, LTD., DEFENDANTS AND APPELLANTS.

Appeal from the District Court of Ponce in an Action for Damages for Breach of Contract.

No. 2078.—Decided June 30, 1920.

CONTRACT—BREACH OF CONTRACT—VIS MAJOR.—In this case it was held that the fact that the stock of coffee which the defendants had in their warehouses was destroyed by *vis major* did not release them from their obligation to de-

liver to the plaintiff on the agreed day the 300 quintals of coffee as agreed upon, for in such a case subdivision 1 of section 334 of the Code of Commerce is applicable and not sections 1072 and 1150 of the Civil Code.

The facts are stated in the opinion.

*Mr. Hugh R. Francis* for the appellants.

*Messrs. López de Tord & Zayas Pizarro* for the appellees.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

Plaintiffs brought suit for damages for failure to deliver certain coffee purchased of defendants.

The facts as found by the trial court are as follows:

"On October 4, 1918, the plaintiffs made an offer by telegraph to purchase from the defendants 30,000 pounds of sound and clean coffee to be delivered on November 15, 1918, at $14.25 per hundredweight.

"Messrs. Diez & Pérez, Ltd., by a letter written to the plaintiffs on the following day, accepted the said offer, the letter being received by the plaintiffs in the ordinary course of the mails.

"The defendants did not deliver the coffee sold to the plaintiffs on the 15 of November, 1918, the day agreed upon for its delivery, or at any subsequent date.

"It was also shown that the price of the kind of coffee stipulated for in the contract was about $17.00 on November 15, 1918, the day on which it should have been delivered by the sellers to the purchasers, and therefore the damages sustained by the plaintiffs by the non-performance of the contract consist in the difference between the purchase price and the price of the coffee on the date on which it should have been delivered, amounting to the sum of $825.

"On the other hand it was shown that on the 11th and 24th of October, 1918, there were several earthquakes which caused great damage to property in the town of Añasco; also that in the months of October and November of the same year there was an epidemic of "Spanish influenza" and that during the time of the earthquakes there were heavy rains and due to the conditions in which the establishment of the defendant was left by the earthquakes and to the state of mind of all the inhabitants of Añasco, the defendants were unable to deliver to the plaintiffs from their stock the 30,000 pounds of coffee contracted for. But it was also shown by the testimony of José B. Pérez, who was the only witness for the defendant part-

nership of Diez & Pérez, Ltd., that the defendants made no effort to obtain the coffee outside of Añasco."

Defendants appeal from a judgment for $825 together with costs, disbursements and attorney's fees, and assign as error:

"1. That the district court erred in not finding the evidence introduced by the defendants in support of their affirmative defense as sufficient to absolve the defendants from the obligation of delivering the coffee referred to in the complaint.

"2. That the district court erred in considering that there was sufficient evidence on the part of the plaintiffs to determine the amount of the damages, if any, sustained by the plaintiffs."

The argument is based on sections 1072 and 1150 of the Civil Code, which read as follows:

"Section 1072.—No one shall be liable for events which could not be foreseen, or which having been foreseen were inevitable, with the exception of the cases expressly mentioned in the law or those in which the obligation so declares."

"Section 1150.—An obligation, consisting in the delivery of a specified thing, shall be extinguished when said thing should be lost or destroyed without fault of the debtor and before he should be in default."

The letter referred to by the trial judge reads as follows:

"Añasco, P. R., October 5, 1918.—Messrs. F. Oliver & Co., Playa de Ponce, P. R.—Dear Sirs:—Late in the evening of the day before yesterday we were favored by your telegram making us an offer of $14.00 for 300 cwt. of coffee to be delivered at the end of March. Yesterday morning we answered you as follows: We would be willing to sell you 300 cwt. of coffee, customary conditions sound and clean, at $14.75, delivery to be made on November 15, and received last night your answer as follows: We would accept as a maximum $14.25 for 300 cwt. of coffee sound and clean, according to our conditions and delivery indicated. We have just telegraphed you as follows: We accept your offer and the conditions stated with thanks and now ratify entirely its content. Although here, due to the short-

age of coffee, the local market is strong, but we have tried to come to an agreement in this transaction trusting that you will be able to favor us on other occasions.—Without anything more for the moment, we are your friends,—(sd.) Diez & Pérez, Ltd.''

The testimony for the defense merely established the facts of the earthquake and of the epidemic of Spanish influenza, the partial destruction of the warehouse used by defendants for drying and storing coffee, the difficulty in finding labor, and the consequent inability on the part of defendants either to continue their business of purchasing and drying green coffee or by reason of the financial losses so sustained to purchase in the open market coffee already dried. That no effort was made to procure such coffee in the open market and to deliver same and that the amount required might have been obtained without difficulty had the necessary funds been available, was admitted at the trial.

Section 334 of the Code of Commerce reads as follows:

"Article 334.—The damages and impairment suffered by merchandise, even though it be by reason of an accidental case, shall be for the account of the vendor in the following cases:

"1. If the sale took place by number, weight, or measure, or if the article sold is not fixed and determined, with marks and signs which identify it   *   *   * .''

The testimony disclosed no basis whatever for the second assignment of error, which therefore does not demand serious consideration.

The judgment appealed from must be

*Affirmed.*

Chief Justice Hernández and Justices del Toro and Aldrey concurred.

Mr. Justice Wolf took no part in the decision of this case.